IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| IN RE: ASBESTOS PRODUCTS | : | Consolidated Under |
| LIABILITY LITIGATION (No. VI) | : | MDL DOCKET NO. 875 |
| | : | |
| This Scheduling Order Relates to: | : | E.D. Pa. Nos. |
| | : | |
| Knezevic v. A.W. Chesterton Co., et al. | : | 13-60009 |
| Jacobs v. Owens-Illinois Inc., et al. | : | 13-60011 - File |
| Stanford, Jr. v. Bldg. Servs. Indust. Supply Inc. et al.: | | 13-60012 |
| Zickert v. Bayer Crop Sci. Inc., et al. | : | 13-60013 |
| Sebastian v. Owens-Illinois Inc., et al. | : | 13-60014 |

FILED

NOV - 1 2013

MICHAEL E. KUNZ, Clerk
By _____ Dep. Clerk

## AMENDED SCHEDULING ORDER

**AND NOW**, this 31st day of October, 2013, upon consideration of the parties' request to amend the September 12, 2013 scheduling order in these cases, it is hereby **ORDERED** that the September 12, 2013 scheduling order, (e.g. 13-60009 Doc. 19), is modified so that the following discovery and pretrial management deadlines shall apply:

1. The Standard Interrogatories to Plaintiffs adopted by the court on October 5, 2010[1] and Plaintiffs' interrogatories and requests for production are **deemed as having been served as of October 28, 2013** and shall be responded to by plaintiffs and defendants as provided for in the Federal Rules of Civil Procedure.[2] All parties are allowed to propound non-cumulative case specific interrogatories and requests for production of documents. The exposure information will be disclosed in the format from Judge Robreno's September 17, 2013 Order. All exposure witnesses will be disclosed no later than 30 days before the close of fact discovery.

2. Plaintiffs' counsel has provided to defense counsel signed copies of the Authorization Form for Use and Disclosure of Protected Health Information (Medical Records) Pursuant to HIPAA[3] by **October 15, 2013**.

3. All Fed. R. Civ. P. 26(a)(1) initial disclosures must be served by **December 13, 2013**.

4. The deadline for amendments to the pleadings and the joinder of parties pursuant to FRCP 16(b)(3)(A) is **November 27, 2013**. Any requested later amendments shall be governed by

---

[1] www.paed.uscourts.gov/documents/MDL/MDL875/CV 1.pdf and CV 2.pdf
[2] The plaintiffs are filing the standard premises interrogatories and document requests and standard product liability interrogatories and document requests for use in any future cases.
[3] 01-MD-875 Docs. 8058 and 8074

1

Rule 15 of the Federal Rules of Civil Procedure.

5. While procuring documents pursuant to the authorization, the parties are bound by the Records Collection Protocol[4] adopted by the court on November 9, 2011.

6. The parties may not take depositions of the plaintiffs without good cause unless and until signed standard interrogatory responses have been served to Defendants.

7. The parties may proceed with non-party discovery and depositions of co-workers disclosed after the plaintiffs' counsel have provided adequate information in writing to all defendants in the format adopted in Judge Robreno's September 17, 2013 Order regarding where and when the co-worker worked with the plaintiff consistent with the requirements of the deposition protocol and the specific defendants and products about which the co-worker is expected to testify.

8. Unless otherwise agreed to by the parties, the following deadlines control the deposition of designated company representatives. If plaintiffs issue a notice for deposition of a designated company representative, defendants will make objections to requested documents or subject matters within 15 days and tender any requested non-objectional documents within 30 days of the date the notice was issued. Plaintiff may choose to proceed with the deposition without resolving the objections but the witness need not be presented again for testimony in this matter on the objectionable items. If plaintiff chooses to proceed without resolving the objections, defendant will make the company representative available for deposition on a date within 30 days of the production of the documents. If plaintiff chooses to pursue the resolution of any objections, the date for the deposition will be within 30 days of the resolution of the objections.

9. All fact discovery, including all fact witness depositions, shall be completed by **April 14, 2014**, except for testimony of family members, and treating physicians/medical providers. All depositions shall be governed by the Amended Protocol for Plaintiff and Co-Worker Depositions to Be Taken in Cascino Vaughan Law Office MDL 875 Cases Assigned to Magistrate Judge David R. Strawbridge (as amended April 2, 2012).[5]

10. The collection of any pertinent bankruptcy records shall be governed by the Authorization for Release of Bankruptcy Records adopted by the court on December 14, 2011.[6]

11. Before attempting to file a motion related to a discovery dispute, the parties shall confer in good faith and attempt to resolve the issue. Failing that, the parties may contact Joel Lang (joel_lang@paed.uscourts.gov) or my chambers to schedule a conference call regarding the issue. The parties are precluded from filing motions regarding such disputes without leave of court. Any motion that is filed must specifically reference that efforts to confer and resolve the issue occurred between the parties.

---

4 01-MD-875 Doc. No. 8262

5 See 08-90330 Doc. No. 87, Exh. A

6 01-MD-875 Doc. No. 8318

12. Plaintiffs' expert reports must be served by **May 14, 2014.**[7]

13. Defendants' expert reports must be served by **June 13, 2014.**[8]

14. Rebuttal expert reports must be served by **June 27, 2014.**

15. All expert discovery must be completed by **July 11, 2014.**

16. Any dispositive motions must be filed by **August 11, 2014.**

17. Responses to any dispositive motions must be filed by **September 9, 2014.**

18. Replies to any dispositive motions must be filed by **September 23, 2014.**

19. If plaintiff believes a sur-reply is needed, he or she may file a motion for leave to file one, attaching the sur-reply as an exhibit, by **October 7, 2014.**

20. Discovery must be propounded and answered in accordance with the Federal Rules of Civil Procedure, unless otherwise governed by a discovery protocol adopted by this Court.

21. We are available to conduct settlement conferences at any time, subject to reasonable notice, upon agreement of all applicable parties. For any settlement conference, we will expect the parties to have a client representative available with full settlement authority. Positions are confidential and non-binding.

BY THE COURT:

/s/ David R. Strawbridge
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE

---

[7] Expert reports relating to the reasonableness of costs of care, customary care, and economic loss need not be submitted by these deadlines. Plaintiffs and Defendants agree to address these issues after remand either by stipulation or by a mutually agreeable schedule for tendering of expert reports on these issues.
[8] See footnote 7.