IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

---------------------------------------------------- x
IN RE:  ASBESTOS PRODUCTS          :
LIABILITY LITIGATION (NO. VI)      :          CIVIL ACTION NO. MDL 875
---------------------------------------------------- x
This Document Relates To:          :
---------------------------------------------------- x
DIANNE JACOBS, Individually and as :
Special Administrator of the Estate of :
RITA TREUTEL, Deceased             :
                                   :          Transferee E.D. Pa.
           Plaintiff,              :             Case No. 13-cv-60011
                                   :
     v.                            :          Transferor W.D. Wis.
                                   :             Case No. 12-cv-899
3M COMPANY, *et al.*,              :
                                   :
           Defendants.             :
---------------------------------------------------- x

**OWENS-ILLINOIS, INC.'S
OBJECTIONS TO PLAINTIFF'S
<u>NOTICE OF DEPOSITION OF OWENS-ILLINOIS, INC.</u>**

Owens-Illinois, Inc. ("Owens-Illinois"), pursuant to the Amended Scheduling Order of November 1, 2013 (ECF No. 49), makes the following objections to Plaintiff's Notice of Deposition of Owens-Illinois, Inc. and tenders the documents identified in the Supplemental Responses to Plaintiffs' Interrogatories and Requests for Production of Documents for inspection within 15 days in Perrysburg, Ohio. These documents have been made available to Plaintiff's counsel on numerous occasions in the past (including but not limited to June 13, 2008, July 17-18, 2008, November 5-6, 2009, and November 30, 2009), and Owens-Illinois also has provided Plaintiff's counsel a disk containing its Kaylo Business Records.

## OBJECTIONS

1. Owens-Illinois objects to Plaintiff's Notice of Deposition in its entirety. Plaintiff's Notice of Deposition does not describe any matters for examination, much less "describe with reasonable particularity the matters for examination." Fed. R. Civ. P. 30(b)(6); *Unzicker v. A.W. Chesterton Co.*, 2012 WL 1966028, at *5-6 (E.D. Pa. May 31, 2012) (granting motion for protective order based on objections to Rule 30(b)(6) deposition notice on its scope, lack of particularity, and lack of relevance). Plaintiff's Notice of Deposition simply states that Plaintiff intends to depose Owens-Illinois "concerning the attached interrogatories." Accordingly, Owens-Illinois objects to producing any witness under Rule 30(b)(6).

2. Owens-Illinois objects to Plaintiff's Notice of Deposition as overbroad and not reasonably calculated to lead to the discovery of admissible evidence because there is no evidence that Rita Treutel was ever exposed to any asbestos associated with any Owens-Illinois products.

3. Owens-Illinois objects to Plaintiff's Notice of Deposition as it seeks to impose obligations on Owens-Illinois that are greater than those required by applicable law. Fed. R. Civ. P. 26(g)(1)(B)(ii)-(iii) mandates that, by signing a discovery request, counsel is certifying that the request is "not interposed for any improper purpose, such as to . . . needlessly increase the cost of litigation" and that it is "neither unreasonable nor unduly burdensome or expensive, considering the needs of the case, [and] prior discovery in the case . . . ." Plaintiff seeks to depose an Owens-Illinois representative on topics that are duplicative of discovery requests

already made by Plaintiff and already answered by Owens-Illinois. Plaintiff's Notice of Deposition also seeks information that is available by means less burdensome than requiring an Owens-Illinois representative to prepare for deposition and be subjected to a deposition.

4. Owens-Illinois objects to Plaintiff's Notice of Deposition as overly broad, unreasonably burdensome, oppressive, expansive, not reasonably tailored to this case and the issues therein, and not reasonably calculated to lead to the discovery of admissible evidence. Without such reasonable particularity, it is impossible for Owens-Illinois to respond and the discovery is a fishing expedition. Further, it would be harassing and oppressive to require Owens-Illinois to do so.

5. Owens-Illinois objects to Plaintiff's Notice of Deposition to the extent that it potentially calls for the disclosure of privileged and confidential information protected by the attorney/client privilege, information protected by the work product doctrine, and information protected by other exclusions from discovery. It is impossible for Owens-Illinois to make any more specific privilege objections due to the other objectionable aspects of Plaintiff's Notice of Deposition.

6. Owens-Illinois objects to Plaintiff's Notice of Deposition as it unilaterally set a date, time, and location without any conference with Owens-Illinois' counsel.

- 4 -

Dated: April 14, 2014                                  Respectfully submitted,


                                                       By: /s/ Brian O. Watson
                                                           Edward Casmere
                                                           Brian O. Watson
                                                           Schiff Hardin LLP
                                                           233 S. Wacker Dr. Suite 6600
                                                           Chicago, Illinois  60606
                                                           (312) 258-5500
                                                           (312) 258-5600 (facsimile)

                                                           *Attorneys for Defendant*
                                                           *Owens-Illinois, Inc.*

- 5 -

## **CERTIFICATE OF SERVICE**

The undersigned attorney certifies on April 14, 2014, these papers were filed with the Clerk of the Court for the United States District Court for the Eastern District of Pennsylvania using the CM/ECF system, which will send notification of such filing upon all parties who have appeared.

/s/ Brian O. Watson
Brian O. Watson

15640-1246
CH2\14515703.2